IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MILTON LYNCH,

         Plaintiff,                      No. CV 05-1465-MO

        v.                               OPINION & ORDER

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

         Defendant.


**MOSMAN, J.,**

      Plaintiff Milton Lynch seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the Commissioner's decision is REVERSED and the case is REMANDED to the agency FOR FURTHER PROCEEDINGS.

BACKGROUND

      Mr. Lynch applied for DIB on January 13, 2004. Tr.[1] 63. He alleges disability beginning January 31, 2002, due to pain and arthritis in his legs and shoulders. *Id.* at 68. Mr. Lynch states he first began having trouble working because of pain in 1999 and at some point switched from

---

[1] "Tr" refers to the "Transcript of Social Security Administrative Record."

1 - OPINION AND ORDER

full-time to part-time work to accommodate his condition. *Id.* Ultimately, he stopped working in 2002. At the time, he worked as a janitor. His previous work history includes school bus driver and materials planner for an electronics company. *Id.* at 76. Mr. Lynch has a General Equivalency Degree.

An Administrative Law Judge ("ALJ") held a hearing in this case on February 4, 2004. Mr. Lynch was 56 years old at the time of the hearing. Mr. Lynch was represented by counsel, and he and Vocational Expert ("VE") Lynn Jones testified. In a decision dated February 22, 2005, the ALJ concluded Mr. Lynch was not entirely credible and that he is not disabled as he retains the residual functional capacity ("RFC") to perform his past relevant work as a materials planner. *Id.* at 17-18. Mr. Lynch appealed to the Appeals Council, which denied review on August 4, 2005. He now seeks review in this court.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Mr. Lynch challenges the ALJ's evaluation of the evidence and his conclusion at step four.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Here, the ALJ found Mr. Lynch has not performed substantial gainful activity since his alleged onset of disability. Tr. at 17. This finding is not in dispute.

At step two, the ALJ determines if the claimant has "a severe medically determinable

physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. Here, the ALJ found Mr. Lynch has severe impairments related to his knees and left shoulder. Tr. at 17. This finding is not in dispute.

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled. The ALJ found Mr. Lynch's impairments do not meet or equal a listing in this case. Tr. at 17. This finding is not in dispute.

If adjudication proceeds beyond step three, the ALJ must evaluate the medical and other relevant evidence in assessing the claimant's RFC. 20 C.F.R. § 404.1520(a)(4). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. § 404.1520(e), Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (1996). Here, the ALJ found Mr. Lynch has the RFC to perform "work in which he stands, walks, or sits for six hours each in an eight hour day; lifts 20 pounds occasionally and 10 pounds frequently; he is limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing of stairs; he is limited in reaching with the left arm." Tr. at 17-18. This finding is in dispute.

At step four, the ALJ considers the claimant's RFC to determine whether the claimant can perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If he can perform such work, the claimant is not disabled. Here, the ALJ found Mr. Lynch is capable of performing his past relevant work as a materials planner. Tr. at 18. This finding is in dispute. Because the ALJ

found Mr. Lynch not disabled at step four, the analysis did not proceed to step five.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and that which detracts from the ALJ's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation marks omitted). The reviewing court "may not substitute its judgement for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

Mr. Lynch contends the ALJ improperly (1) ignored reviewing physician Dr. Jensen, (2) rejected examining physician Dr. Solomon, (3) assessed Mr. Lynch's credibility, and (4) classified Mr. Lynch's past relevant work as a materials planner.

### I.      Dr. Jensen

Dr. Jensen is a consulting physician for the Department of Disability Services ("DDS"). She completed a physical RFC assessment for Mr. Lynch on April 22, 2004. Dr. Jensen found there was no problem with Mr. Lynch's credibility and that the severity of his allegations is "consistent . . . with the total medical and nonmedical evidence." Tr. at 219. She also concluded that given Mr. Lynch's knee and ankle problems "it is wise to give [him] a Sed[entary] RFC." *Id.* Dr. Jensen made several specific findings as to Mr. Lynch's limitations, including that he can never climb ladders. *Id.* at 216. However, many of these specific findings were altered with the

initials "ML" written in the margin.  Dr. Martin Lahr, also a DDS consulting physician, reviewed Dr. Jensen's assessment the same day Dr. Jensen completed it.  Dr. Lahr disagreed with Dr. Jensen's final assessment, stating:

> We have reviewed claim and do not think findings support a sedentary RFC.  There is no evidence of arthritis in any of the joints studied.  Chondromalacia patellae does not result in pain on standing/walking and this undermines claimant's allegations.  Ankle findings are minimal and not reasonably supportive of sedentary level of function.  Light function is reasonable given objective findings.  RFC modified.

*Id.* at 221.  Dr. Jensen included her RFC assessment in Mr. Lynch's file on May 26, 2004, a month after completing it.  At that time, she wrote a note stating, "I have reviewed all the evidence in file, and the assessment of 4-22-04 is affirmed as written."  *Id.* at 214.

The ALJ is obligated to consider opinions from agency consulting physicians, 20 C.F.R. § 404.1527(f), and "must explain the weight given to these opinions in [his] decision[]."  SSR 96-6p, 1996 WL 374180 (1996).  Here, the ALJ did not directly address Dr. Jensen's opinion in his decision.  The Commissioner argues the ALJ necessarily addressed Dr. Jensen's opinion when he discussed Dr. Lahr's opinion because ultimately Dr. Jensen concurred with Dr. Lahr when she affirmed the RFC assessment "as written" after Dr. Lahr made his modifications.  However, even if the Commissioner's presumption as to the meaning of the modifications and initials on the RFC assessment is correct, it is not clear from the RFC assessment whether Dr. Jensen adopted *all* of Dr. Lahr's conclusions.  Though some of Dr. Jensen's specific findings were modified, her final conclusion that Mr. Lynch should be restricted to sedentary work was not.  Thus, at least that part of the RFC is in direct conflict with Dr. Lahr's finding in a separate document that Mr. Lynch has the RFC to perform light work.  Given this ambiguity, the ALJ was obligated to

5 - OPINION AND ORDER

develop the record concerning the full extent of Dr. Jensen's final opinion, which he failed to do. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

In light of this error, Mr. Lynch urges the court to credit Dr. Jensen's opinion that he is limited to sedentary work as true and award benefits. I find Mr. Lynch's suggestion inappropriate in this case. It is nonsensical to apply the crediting-as-true rule where the evidence in question is ambiguous. And even if the evidence were unambiguous and Dr. Jensen clearly found Mr. Lynch is limited to sedentary work, there is a direct conflict between this opinion and Dr. Lahr's opinion, making crediting as true inappropriate. *See Magallanes*, 881 F.2d at 750 ("The ALJ is responsible for . . . resolving conflicts in medical testimony."). Thus, I find additional proceedings would be helpful here to further clarify the medical record, and I remand the case to the agency for this purpose. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

**II.    Dr. Solomon**

Dr. Solomon examined Mr. Lynch in March 2004. Mr. Lynch told Dr. Solomon, among other things, that he had "difficulty with standing for more than 15-20 minutes at a time and walking more than 15-20 minutes at a time before he gets knee and ankle pain." Dr. Solomon ultimately concluded that Mr. Lynch's complaints were consistent with the physical examination. Tr. at 209-10. Mr. Lynch argues that when accepted this evidence establishes he is limited to sedentary work. However, the ALJ found:

> Dr. Solomon conducted a largely unremarkable examination, with at most some crepitus or slight laxity, leading to his diagnosis of chondromalacia patellae. However, Dr. Lahr noted that chrondomalacia patellae would not result in pain on standing and walking, and in fact, Dr. Solomon give [sic] no specific limitation on these activities.

*Id.* at 15.  The ALJ further noted that whereas "Dr. Solomon observed some loss of motion in [Mr. Lynch's] left shoulder, as well as minor loss of strength in that area," because "x-rays do not document any acute disorder," the limitations included in the RFC were sufficient to address this issue.

Generally, an examining physician, like Dr. Solomon, is given greater weight than a reviewing physician, like Dr. Lahr.  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1038 (9th Cir. 2003); 20 C.F.R. § 404.1527(d)(1).  The ALJ can reject an examining physician's opinion in favor of a reviewing or non-examining physician, however, where he provides specific and legitimate reasons for doing so.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Upon review of the medical records, it appears the ALJ mistakenly attributed the "chrondomalacia patellae" diagnosis to Dr. Solomon.  Dr. Solomon diagnosed "[b]ilateral knee pain mostly patellofemoral joint in nature," and at no time mentions "chrondomalacia patellae."  Tr. at 210.  Instead, Dr. Jensen diagnosed "bilat patella chondormalacia."  Tr. at 219.  Further, it is clear from the record that Dr. Lahr was reviewing Dr. Jensen's conclusions when he asserted "[c]hondromalacia patellae does not result in pain on standing/walking."  Tr. at 221.  Thus, to the extent the ALJ found Dr. Lahr directly undermined Dr. Solomon's findings, he was mistaken.

In spite of this error, however, there remains some disagreement between doctors Solomon and Lahr in that Dr. Solomon concluded Mr. Lynch's alleged limitations were consistent with the medical examination and Dr. Lahr concluded the medical findings "undermine[] [Mr. Lynch's] allegations."  Tr. at 221.  The ALJ also found Dr. Lahr's opinion is entitled to greater weight because (1) Dr. Solomon's examination was "largely unremarkable,"

7 - OPINION AND ORDER

and (2) Dr. Lahr made specific findings regarding Mr. Lynch's physical limitations, and Dr. Solomon did not.  In light of the record here, I find these reasons, taken together, are sufficient justification for giving less weight to Dr. Solomon.  Dr. Solomon only examined Mr. Lynch on one occasion, and it is unclear from his report to what extent, if any, he reviewed Mr. Lynch's treatment records.  *See* 20 C.F.R. § 404.1527(d) (length of treatment relationship and extent of information supporting findings are properly considered in determining proper weight to give medical opinion).  Further, Dr. Solomon's failure to make any independent findings as to Mr. Lynch's physical limitations, instead summarily concluding the "[p]hysical examination is consistent with complaints," is significant.  *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); *Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995); 20 C.F.R. 404.1527(d).  This bare bones conclusion is not substantial evidence upon which to base a finding of disability.

### III.   Mr. Lynch's Credibility

Next, Mr. Lynch argues the ALJ erred in finding his description of his limitations "less than credible." Tr. at 16.  Where the claimant produces objective medical evidence of an impairment that reasonably could be expected to cause the pain or symptoms alleged and where there is no evidence the claimant is malingering, the ALJ must have clear and convincing reasons for rejecting the claimant's testimony regarding the severity of his symptoms.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  In determining credibility, the ALJ can consider the objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations.  *Id.* at 1284.  Additionally, the ALJ may employ ordinary

techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id*.

The first reason the ALJ gave for giving limited weight to Mr. Lynch's testimony is that it is inconsistent with the medical record. Specifically, the ALJ stated: "Any allegation by the claimant that he would be unable to sustain work at a reduced range of light work cannot be accepted. No physician has imposed greater limitations." Tr. at 16. As discussed above, Dr. Jensen may have found Mr. Lynch is limited to the extent he alleges, in conflict with Dr. Lahr's conclusion. As also discussed above, the ALJ erred in his treatment of Dr. Jensen's opinion and this case must be remanded. Thus, on remand the ALJ should also reassess Mr. Lynch's credibility in light of any additional findings made concerning the state of the medical record. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

### IV.   Classification of Past Relevant Work & Step 4 Finding

Finally, Mr. Lynch argues the ALJ erred in classifying his prior materials planner work as *Dictionary of Occupational Titles* ["DOT"] number 019.167-010–"Logistics Engineer." The ALJ based this classification on the VE's testimony at the hearing, to which Mr. Lynch, who was represented by counsel, did not object. Tr. at 250. Where the claimant fails to raise an issue during the administrative proceedings before the ALJ, the issue is waived on appeal, particularly where the claimant is represented by counsel. *Meanel*, 172 F.3d at 1115.

Mr. Lynch argues in the alternative that even if the ALJ did not err in classifying this prior work, so classified it is not "past relevant work" under step four of the disability analysis because Mr. Lynch did not perform the job long enough to learn it. "Past relevant work" is

"work [the claimaint] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). According to the DOT, it takes four to ten years to learn a logistics engineer job. Mr. Lynch argues the ALJ found he only worked as a materials planner for three years. The ALJ did note earnings records showed Mr. Lynch worked as a materials planner for Lockheed-Martin Aerospace from 1990-1992, Tr. at 14; however, in the Work History Report Mr. Lynch filed in support of his DIB application he indicated he began working as a materials planner in the electronics industry in approximately 1980. Tr. at 76. Thus, I find the ALJ did not err in considering Mr. Lynch's materials planner experience as part of his "past relevant work" as that term is defined under the regulations.

## CONCLUSION

Because I find the ALJ erred in his treatment of some of the evidence in this case and because I find further proceedings would be useful, I REVERSE the Commissioner's decision and REMAND FOR FURTHER PROCEEDINGS consistent with this opinion.

IT IS SO ORDERED.

Dated this  26th  day of January, 2007.


/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

10 - OPINION AND ORDER